IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
November 8, 2022

## IN RE KELYAHNA T.

**Appeal from the Chancery Court for Hamblen County**
**No. 2022-CV-40     Douglas T. Jenkins, Chancellor**

_____

**No. E2022-01336-COA-R3-PT**

_____

The trial court clerk notified this Court that a final judgment has not been entered.  This Court ordered the appellant to show cause why this appeal should not be dismissed. Appellant failed to respond to our show cause order.  As no final judgment has been entered, this Court lacks jurisdiction to consider this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

THOMAS R. FRIERSON, II, J.; JOHN W. MCCLARTY, J.; AND KRISTI M. DAVIS, J.

Nicholas S. Davenport, V, Morristown, Tennessee, for the appellant, Marletta T.

Lauren Armstrong Carroll, Morristown, Tennessee, for the appellees, William L. and Jessie L.

Whitney Paige Trujillo, Strawberry Plains, Tennessee, guardian ad litem.

**MEMORANDUM OPINION[1]**

The trial court clerk notified this Court that no final judgment has been entered in this case.  This Court then directed the appellant, Marletta T., to show cause why this appeal

_____

[1] Rule 10 of the Rules of the Court of Appeals provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

should not be dismissed for lack of subject matter jurisdiction. "A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'" *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). This Court does not have subject matter jurisdiction to adjudicate an appeal as of right if there is no final judgment. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only."). Appellant failed to respond to our show cause order.

"Except where otherwise provided, this Court only has subject matter jurisdiction over final orders." *Foster-Henderson v. Memphis Health Center, Inc.*, 479 S.W.3d 214, 222 (Tenn. Ct. App. 2015). As a final judgment has not yet been entered, this Court lacks jurisdiction to consider this appeal. The appeal is hereby dismissed. Costs on appeal are taxed to the appellant, Marletta T., for which execution may issue.

**PER CURIAM**